**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**



UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT OF
**LARRY LADNER D/B/A LADNER'S ELECTRIC**                    **PLAINTIFF**

v.                                                CASE NO. 1:16cv436 HSO-JCG

**METRO ELECTRIC, LLC;**
**BES DESIGN/BUILD, LLC; and**
**AEGIS SECURITY INSURANCE COMPANY**              **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, the United States of America for the Use and Benefit of Larry Ladner d/b/a Ladner's

Electric ("Ladner"), files this Complaint against Defendants, Metro Electric, LLC ("Metro"), BES

Design/Build, LLC ("BES"), and Aegis Security Insurance Company ("Aegis Security") as follows:

**PARTIES**

1.      Plaintiff, Ladner, is a Mississippi sole proprietorship authorized to do and doing

business in Mississippi located at 25180 Clarke Road, Saucier, Mississippi 39574.

2.      a.      Defendant, Metro, is a Mississippi limited liability company organized and

existing under the laws of the State of Mississippi, with its principal place of business located at

2224 24th Avenue, Gulfport, Mississippi 39501, which may be served with process in this proceeding

by serving its registered agent for service of process, William W. Dreher, Jr., 2224 24th Avenue,

Gulfport, Mississippi 39501.

        b.      Defendant, BES, is an Alabama limited liability company authorized to do and

doing business in Mississippi with its principal place of business located at 766 Middle Street,

Fairhope, Alabama 36532, which may be served with process in this proceeding by serving its

1

registered agent for service of process, National Registered Agents Inc., 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

        c.     Defendant, Aegis Security, is an insurance surety company registered with the Insurance Commission for the State of Mississippi and doing business in Mississippi. Aegis may be served with process in this proceeding by serving its registered agent for service of process, Joe S. Deaton, III, 1080 River Oaks Drive Suite A-250 River Oaks Office Plaza, Flowood, Mississippi 39232.

## JURISDICTION

3.     Jurisdiction is vested in this Court pursuant to 40 U.S.C. § 3131, the Miller Act.

## VENUE

4.     Venue is proper in the United States District Court for the Southern District of Mississippi, pursuant to 40 U.S.C.A. § 3133, in that the contract which is the basis of this action was performed and executed in that District.

## BACKGROUND FACTS

5.     BES, as contractor, entered into a contract (Contract No. FA3010-15-C-0003) with the United States Air Force ("USAF"), as owner, whereby BES agreed to perform renovation on 15507 Keesler Air Force Base, Building 2004 Bravo (the "Project") in Biloxi, Mississippi (collectively, the "Contract"). The Contract is not attached because it is too voluminous and because, on information and belief, BES has a copy of the Contract, and Aegis, as surety, has access to a copy of the Contract.

6.     As required by the Miller Act, 40 U.S.C. § 3131, Aegis Security issued a payment bond on behalf of BES (Bond No. B10 024 772) which guaranteed prompt payment to those

2

furnishing labor, material, or both in the prosecution of the work provided for in the Contract (the "Payment Bond"). A true and correct copy of the Payment Bond issued by Aegis Security is attached hereto as Exhibit "A" and made a part hereof.

7.     At some point thereafter, BES and Metro entered into a subcontract pursuant to which Metro was to supply supervision, labor, materials and equipment to install various electrical wiring and related electrical work on the Project (the "Subcontract"). The Subcontract is not attached because Ladner has been unable to attain a copy, and because, upon information and belief, BES and Metro both have a copy of the contract.

8.     Thereafter, Ladner submitted an electrical bid on March 5, 2015 to Metro pursuant to which Ladner was to supply labor and materials for the installation of electrical wiring and trim for dorm units and HVAC Automation Systems on the Project for a total amount of $290,000.00 (the "Bid"). A true and correct copy of the Bid is attached hereto as Exhibit "B" and made a part hereof.

9.     The Bid was orally accepted by Mel Summerlin of Metro, who also orally advised Ladner that the work subject to the Bid related to the Project.

10.     Ladner did provide materials for the Project and timely submitted invoices to Metro in an amount of $290,000.00. Of this total amount, Metro has only paid Ladner $205,278.00. A true and correct copy of each check is attached hereto and made a part hereof as follows:

Exhibit C – Check No. 1001, dated July 30, 2015, paid to the order of Larry Ladner for the amount of $62,002.00

Exhibit D – Check No. 1013, dated September 2, 2015, paid to the order of Larry Ladner for the amount of $15,820.32

Exhibit E – Check No. 1023, dated October 6, 2015, paid to the order of Larry Ladner for the

amount of $39,130.44

Exhibit F – Check No. 1057, dated October 27, 2015, paid to the order of Larry Ladner for the amount of $37,107.00

Exhibit G – Check No. 1001, dated November 25, 2015, paid to the order of Larry Ladner for the amount of $24,987.24

Exhibit H – Check No. 1045, dated December 16, 2015, paid to the order of Larry Ladner for the amount of $13,731.00

Exhibit I – Check No. 1108, dated March 18, 2016, paid to the order of Larry Ladner for the amount of $5,000.00

Exhibit J – Check No. 1116, dated April 6, 2016, paid to the order of Larry Ladner for the amount of $7,500.00

11.     To date, Metro still owes Ladner in excess of $84,722.00 for labor, services and materials provided by Ladner to Metro on and for the benefit of the Project for which Metro has not and currently refuses to pay.

12.     Ladner completed its contractual obligations under the Bid in accordance with the terms thereof and in a good and workmanlike manner on or about June 17, 2016.

13.     Despite demand, Metro has failed and/or refused to pay Ladner all sums earned for labor, services and materials supplied by Ladner in relation to the Project.

## COUNT I
## BREACH OF THE PAYMENT BOND

14.     Ladner incorporates herein by reference all of the preceding numbered paragraphs of its Complaint.

15.     Pursuant to the express terms of their Payment Bond, BES and Aegis Security, jointly

4

and severally, guaranteed that BES would promptly make payment for all labor, material, or equipment furnished for use in the completion of the Project.

16.     Despite demand, BES and Aegis Security have failed and refused to pay Ladner the amount of $84,722.00 for labor and materials furnished by it in the prosecution of the work provided for in the Contract.

17.     The continued failure and refusal by Aegis Security and BES to pay Ladner $84,722.00 for labor and materials furnished in the prosecution of the Contract is a breach by Aegis Security and BES of their obligations to Ladner under the Payment Bond to promptly pay Ladner.

18.     Aegis Security and BES's breach of their obligations under the Payment Bond has proximately caused damages to Ladner in the amount of not less than $84,722.00, the exact amount to be shown at the trial hereof.

19.     Based on information and belief, BES has received full payment from the USAF. Accordingly, Ladner is entitled to interest penalty payments on amounts due it under the Prompt Payment Act, 31 U.S.C. § 3905, at a rate of interest established by the Secretary of the Treasury pursuant to Public Law 92-41 (85 Stat. 97) in accordance with 31 U.S.C. § 3902, the exact amount to be shown at the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Ladner requests judgment, jointly and severally, against Metro, BES, and Aegis for Ladner's unpaid principal balance for its Work on the Project, plus attorney's fees, pre-judgment interest, post-judgment interest, costs and expenses, plus for any and all such further relief as to which Ladner may be entitled.

## COUNT II
## BREACH OF CONTRACT

20.     Ladner incorporates herein by reference all of the preceding numbered paragraphs of

its Complaint.

21.     By accepting the Bid for electrical work on the Project, Metro agreed to pay Ladner a total amount of $290,000.00 for all of labor, materials and services contemplated by the Bid upon the completion of such labor, materials and services.

22.     Ladner has performed all its duties and obligations under the Bid but Metro has failed and refused and continues to fail and refuse to make final payment of the monies owed to Ladner pursuant to the Bid.

23.     Metro's refusal to make final payment to Ladner of the Bid balance is a breach of the terms of the Bid.

24.     As a direct and proximate result of Metro's breach of the Bid, Ladner has sustained damages in the principal amount of not less than $84,722.00, the exact amount to be proven at trial.

25.     Based on information and belief, BES has received full payment from the USAF. Accordingly, Ladner is entitled to interest penalty payments on amounts due it under the Prompt Payment Act, 31 U.S.C. § 3905, at a rate of interest established by the Secretary of the Treasury pursuant to Public Law 92-41 (85 Stat. 97) in accordance with 31 U.S.C. § 3902, the exact amount to be shown at the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Ladner requests judgment against Metro, jointly and severally, for said unpaid principal balance, plus attorney's fees, costs and expenses, prejudgment interest, post-judgment interest, and for any and all such relief as to which it may be entitled.

### COUNT III
### QUANTUM MERUIT/UNJUST ENRICHMENT

26.     Ladner incorporates herein by reference all of the preceding numbered paragraphs of

its Complaint.

27.     In the alternative, Lander requests relief under quantum meruit and/or unjust enrichment.

28.     Ladner provided labor, materials and services for the Project at the request of Metro.

29.     Metro used and obtained the benefit of Ladner's Work.

30.     Metro was reasonably notified and/or aware that Ladner was providing said Work in anticipation of payment from Metro.

31.     It would be unjust to allow Metro to obtain the benefit of Ladner's Work without paying Ladner for the fair value of same.

32.     The fair value of said Work is equal to not less than the principal balance of $84,722.00, the exact value of which to be proven at trial.

33.     In the alternative, Ladner requests that judgment be entered in its favor under unjust enrichment/quantum meruit in the amount proven at trial for the value of Ladner's Work on the Project, plus attorney's fees, costs, expenses, pre-judgment and post-judgment interest.

WHEREFORE, PREMISES CONSIDERED, Ladner, in the alternative, requests judgment against Metro, jointly and severally, for the fair and reasonable value of the Work provided by Ladner on the Project, plus attorney's fees, costs, expenses, pre-judgment interest and post-judgment interest.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Larry Ladner d/b/a Ladner's Electric demands judgment from Defendants, Metro Electric, LLC, BES Design/Build, LLC, and Aegis Security Insurance Company, in the principal amount of $84,722.00, the exact amount to be

proven at trial, plus interest penalty payments on amounts due it under the Prompt Payment Act, 31 U.S.C. § 3905, at a rate of interest established by the Secretary of the Treasury pursuant to Public Law 92-41 (85 Stat. 97) in accordance with 31 U.S.C. § 3902 for BES and Aegis Security's breach of the Payment Bond.  Ladner further demands judgment from Metro in the principal amount of $84,722.00, the exact amount to be proven at trial, plus interest penalty payments on amounts due it under the Prompt Payment Act, 31 U.S.C. § 3905, at a rate of interest established by the Secretary of the Treasury pursuant to Public Law 92-41 (85 Stat. 97) in accordance with 31 U.S.C. § 3902 for Metro's breach of contract.  In the alternative, Ladner demands judgment against Defendants, jointly and severally, in the principal amount of not less than $84,722.00, the exact amount to be proven at trial, plus attorney's fees, costs, expenses, and pre-judgment and post-judgment interest.

This the 13th day of December, 2016.

Respectfully submitted,

**LARRY LADNER D/B/A LADNER'S ELECTRIC**

By Its Attorneys,

JERNIGAN COPELAND & ANDERSON, PLLC

By: _____

Clyde X. Copeland, III, MSB #10322
F. Russell Brabec, MSB #104825

OF COUNSEL:

JERNIGAN COPELAND & ANDERSON, PLLC
587 Highland Colony Parkway (39157)
Post Office Box 2598
Ridgeland, MS 39158-2598
Telephone:  (601) 427-0048
Facsimile:  (601) 427-0051
ccopeland@jcalawfirm.com
rbrabec@jcalawfirm.com

8